IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS RANDALL PETERS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL CASE NO. 1:20-cv-749-ECM |
| | ) [WO] |
| DEENA ELSHEIKH, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Upon consideration of the parties' briefing and representations, the Court *sua sponte* VACATES its prior Memorandum Opinion and Order, (doc. 29), and substitutes the following in its place.

**I. INTRODUCTION**

On August 18, 2020, Plaintiff Curtis Randall Peters ("Plaintiff" or "Peters") filed a Complaint in the Circuit Court of Houston County, Alabama, against Defendant Deena Elsheikh ("Defendant" or "Elsheikh").[1] On September 17, 2020, the Defendant removed the action to this Court. The Plaintiff alleges that on July 19, 2020, the Defendant's car collided with the Plaintiff's motorcycle in Dothan, Alabama, causing the Plaintiff severe injuries. The Plaintiff brings claims of negligence and wantonness under Alabama law.

---

[1] The Plaintiff also sued GEICO General Insurance Company ("Geico"), (doc. 1-6), but Geico has been dismissed from this action, (doc. 14).

Now pending before the Court is the Plaintiff's motion for summary judgment as to liability. (Doc. 18).  The Defendant filed a response in opposition, (doc. 21), and the motion is ripe for review.  Upon consideration of the briefs, evidence, and applicable law, and for the reasons that follow, the Plaintiff's motion for summary judgment is due to be DENIED.

## II.  JURISDICTION

The citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1).  Therefore, the Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332 & 1441.  Personal jurisdiction and venue are uncontested.

## III.  LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).  "[A] court generally must 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016) (citation omitted).  However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018) (citation omitted).  If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Hornsby-Culpepper*, 906 F.3d at 1311. The burden then shifts to the non-moving party "to establish, by going beyond the pleadings, that a genuine issue of material fact exists." *Id.* at 1311–12. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Non-movants must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1252. Likewise, the reviewing court must draw all justifiable inferences from the evidence in the non-moving party's favor. *Id.* However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

## IV.  FACTS

The facts, stated in the light most favorable to the non-movant, are as follows:

On July 19, 2020, the Plaintiff was operating his motorcycle on Ross Clarke Circle in Dothan, Alabama, in the left lane.  The Defendant was driving her vehicle on Ross Clarke Circle in the right lane.  The right lane was backed up, so the Defendant merged into the left lane in front of the Plaintiff.  It is undisputed that: (1) the Plaintiff was driving at or below the posted speed limit; (2) before she merged, the Defendant did not signal that she was merging and did not maintain a proper lookout; and (3) the Defendant failed to maintain a proper distance between her vehicle and the Plaintiff's motorcycle.[2]  The Plaintiff braked and steered left, which he believed, based on his experience driving motorcycles, was the safest option.  Nonetheless, the Plaintiff collided with the Defendant's vehicle.  The collision occurred three to four seconds after the Defendant changed lanes, and the impact threw the Plaintiff off his motorcycle.  As a result, the Plaintiff suffered injuries to his left shoulder and a fractured collarbone that required medical attention and caused lasting pain.

## V.  DISCUSSION

### A.  Requests for Admission

In his motion for summary judgment, the Plaintiff seeks to establish that the Defendant is liable for negligence and wantonness relating to the accident.  In support of his motion, the Plaintiff argues that the Defendant admitted certain facts due to the

---

[2] As will be explained in further detail *infra* Part V., the Defendant admitted these facts when she failed to respond within thirty days to requests for admission directed at these facts.

Defendant's failure to respond to Requests for Admission ("RFAs") in the manner prescribed by Federal Rule of Civil Procedure 36. As relevant here, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). "The purpose of the rule is 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'" *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2252 (2d ed. 1994)). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter . . . ." Fed. R. Civ. P. 36(a); *see also Perez*, 297 F.3d at 1264 ("If a party fails to respond within thirty days, then '[t]he matter is admitted.'" (alteration in original) (quoting Fed. R. Civ. P. 36(a))). "A matter admitted under this rule is *conclusively established* unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphases added).

It is undisputed that on November 18, 2020, the Plaintiff served RFAs on the Defendant. (Doc. 18-2 at 45–46). The RFAs asked the Defendant to admit, among other things, "[t]hat [she] failed to maintain a proper lookout prior to merging lanes of travel," "[t]hat [she] did not signal that [she] was merging lanes of travel," "[t]hat [she] failed to maintain proper distance between [her] vehicle and the motorcycle operated by [the Plaintiff]," "[t]hat [the Plaintiff] was driving his motorcycle at or below the posted speed limit," and "[t]hat the injuries of [the Plaintiff] were caused by the collision." (*Id.* at 45).

5

These matters are admitted unless the Defendant responded "within 30 days after being served," *see* Fed. R. Civ. P. 36(a), which would have been December 18, 2020. It is also undisputed that the Defendant did not respond to the RFAs until January 4, 2021. (Doc. 21 at 3; doc. 21-6). Thus, by operation of Rule 36, these matters are admitted and "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *See* Fed. R. Civ. P. 36(b).³ But the Defendant never moved to withdraw or amend the admissions. In response to the Plaintiff's motion for summary judgment, the Defendant's counsel states that he did not move to withdraw or amend because responses to the RFAs were eventually served on the Plaintiff on January 4, 2021. (Doc. 21 at 3, para. 8). But counsel fails to appreciate that the matters were deemed admitted by operation of law after thirty days had passed with no response. Thus, the late responses had no effect. In the absence of a motion to withdraw or amend the admissions, which the Defendant has not filed, the matters admitted are "conclusively established." Because they are "conclusively established," the Defendant may not rebut the matters by, for example, pointing to her deposition testimony or interrogatory responses.

Having determined that the matters in the Plaintiff's RFAs are admitted, the Court now addresses the Plaintiff's arguments that the Defendant is liable for negligence and wantonness as a matter of law.

---

³ Defendant's counsel explains that he overlooked the RFAs because he was on a fishing trip when he received the email with the RFAs from Plaintiff's counsel and he did not realize the RFAs were attached to the email. But the email was also sent to another attorney at Defendant's counsel's law firm. (Doc. 21-3 at 2). So even if counsel overlooked the RFAs, his explanation does not in any way address the other attorney's failure to act in a timely manner with respect to the RFAs. In any event, the reason that responses to the RFAs were not submitted within thirty days has no impact on the conclusion that the matters are admitted.

### B. Negligence and Wantonness

Under Alabama law,[4] "[n]egligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995). To prove a negligence claim, "the plaintiff must establish (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or an injury; and (4) that the defendant's negligence was the actual and proximate cause of that loss or injury." *Id.* "[A] vehicle operator is under a duty to use reasonable care in operating the vehicle." *Jones v. Baltazar*, 658 So. 2d 420, 421 (Ala. 1995).

The Alabama Supreme Court has defined wantonness as "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007). "To constitute wantonness, it is not necessary that the actor know that a person is within the zone made dangerous by his conduct; it is enough that he knows that a strong possibility exists that others may rightfully come within that zone." *Id.* Additionally, it is not necessary that the actor have "entertained a specific design or intent to injure the plaintiff, only that the actor is 'conscious' that injury will likely or probably result from his actions." *Id.* "'Conscious' is defined as 'perceiving,

---

[4] "Federal courts sitting in diversity apply the substantive law of the state in which the case arose." *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132 (11th Cir. 2010) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Alabama law applies because the injury occurred in Alabama. *See Norris v. Taylor*, 460 So. 2d 151, 152 (Ala. 1984).

apprehending, or noticing with a degree of controlled thought or observation: capable of or marked by thought, will, design, or perception' . . . ." *Berry v. Fife*, 590 So. 2d 884, 885 (Ala. 1991) (citation omitted). "The determination whether a defendant's acts constitute wanton conduct depends on the facts in each particular case." *Essary*, 992 So. 2d at 10.

The Plaintiff seeks summary judgment on his negligence and wantonness claims, and he relies on the same acts or omissions of the Defendant to establish both: the Defendant failed to maintain a proper lookout prior to merging, failed to signal that she was merging, and failed to maintain a proper distance between her vehicle and the Plaintiff's motorcycle. However, Alabama law is clear that negligence and wantonness cannot exist in the same acts or omissions. *See, e.g.*, *Thompson v. White*, 149 So. 2d 797, 804 (Ala. 1963); *Louisville & Nashville R. Co. v. Smith*, 50 So. 241, 244 (Ala. 1909). This is because "wanton or wilful misconduct implies mental action; whereas that fact is absent in mere negligence. Wantonness and negligence are hence necessarily distinct colorings of a wrong to another's injury." *Thompson*, 149 So. 2d at 804. Moreover, Alabama courts have explained that where a defendant's conduct can constitute negligence or wantonness, the trial court must allow both to proceed to the jury. *See Hicks v. Dunn*, 819 So. 2d 22, 23, 25 (Ala. 2001); *Thompson*, 149 So. 2d at 805.[5] Here, while certain materials facts are

---

[5] In holding that the trial court erred in refusing to allow the jury to consider the plaintiff's wantonness claim, the *Thompson* court explained:

> We are of opinion . . . that White's testimony justifies a finding that he had knowledge of the presence of the plaintiff car directly in front of him, of the location of the traffic light at the intersection, and that the light was red. Because White had this knowledge, the question was for the jury whether White drove his car into the rear of the plaintiff car as a result of mere inattention or inadvertence on White's part, *in which event he would be liable for negligence, or* whether with knowledge of the circumstances and a conscious

undisputed or admitted, other material facts remain for the jury to resolve, such as whether the Defendant was conscious that injury would likely or probably result from her actions. *See Essary*, 992 So. 2d at 9. On this summary judgment record, it is for the jury to decide whether the Defendant's actions were negligent, wanton, or neither. Accordingly, the Plaintiff's motion for summary judgment is due to be denied.

## VI. CONCLUSION

For the reasons stated, it is hereby ORDERED that the Plaintiff's motion for summary judgment as to liability (doc. 18) is DENIED.

Done this 18th day of January, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

indifference to the consequences he omitted to do that which he could and ought to have done to prevent the collision; to wit, stop his car; *in which latter event he would be liable for wantonness*. We are thus of opinion that giving affirmative instructions for White on the wanton count was error.

*Thompson*, 149 So. 2d at 805 (emphases added).